IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP D. CHEATHAM, JR,

        Petitioner,

v.                    CASE NO. 12-3249-SAC

SAM CLINE, et al.,

        Respondents.

## O R D E R

Before the court is petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner was convicted on 2003 charges of murder, attempted murder, aggravated battery, and criminal possession of a firearm. A sentence of death was imposed in 2005. In petitioner's direct appeal, the Kansas Supreme Court remanded the matter to the state district court for an evidentiary hearing on petitioner's claim of ineffective assistance of trial counsel. Following a 2009 stipulation by the parties regarding defense counsel's performance, the state district court in 2010 upheld the guilt phase of petitioner's trial and ordered a new jury determination in the sentencing phase in the capital case. Petitioner's appeal from that decision by the state district court judge was still pending when petitioner filed the instant petition in federal court seeking his immediate release and the dismissal of all 2003 charges with prejudice.

On January 25, 2013, the Kansas Supreme Court reversed petitioner's convictions and ordered a new trial. *See State v. Cheatham*, __ Kan. __, 2013 WL 276245 (January 25, 2013).

Accordingly, to the extent petitioner seeks habeas corpus relief on allegations of constitutional error in his criminal trial and subsequent evidentiary hearing, the petition is now subject to being dismissed as moot because these allegations no longer present a case or controversy for judicial resolution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(discussing case-or-controversy requirement in Article III, Section 2, of the United States Constitution).

Moreover, to the extent petitioner contends he is entitled to habeas corpus relief on an independent claim of being denied due process by the state court's delay in deciding petitioner's direct appeal, this claim is defeated because petitioner has already received any relief this court could grant on such a claim. As the Tenth Circuit explained in *Hayes v. Evans*:

> "[A] habeas petitioner whose direct appeal had yet to be decided by the state court could obtain habeas relief if he could establish that delay in adjudicating his direct appeal had violated his due process rights. One way a petitioner could establish such a due process violation would be by asserting colorable state or federal claim that would warrant reversal of his conviction and demonstrating that excessive delay in adjudicating his appeal had impaired his defense on retrial. . . . [T]he most appropriate form of habeas relief in such circumstances would be to grant a conditional writ directing the state to release the petitioner if it did not decide his appeal within a specified period. Another option would be for the district court to excuse exhaustion and address the merits of the petitioner's federal challenges to his conviction and sentence."

70 F.3d, 85, 86 (10th Cir.1995)(citing *Harris v. Champion*, 15 F.3d 1538, 1566-67 (10th Cir.1994)).

The court thus directs petitioner to show cause why the instant petition should not be deemed moot and dismissed without prejudice.  The failure to file a timely response may result in the dismissal of the petition for the reasons stated herein without further prior notice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 30th day of January 2013 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge