IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHILLIP D. CHEATHAM, JR,**

                 **Petitioner,**

    v.                                      **CASE NO. 12-3249-SAC**

**SAM CLINE, et al.**

                 **Respondents.**

## **MEMORANDUM AND ORDER**

Petitioner was convicted of various charges in Kansas state court in 2005 and he was sentenced to death. On December 11, 2012, while his direct appeal was pending, he filed in this Court a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking his immediate release and dismissal of the charges that led to his death sentence. (Doc. 1.) On January 25, 2013, the Kansas Supreme Court reversed the relevant convictions and ordered a new trial. *State v. Cheatham*, 296 Kan. 417, 420 (2013).

In May 2013, United States Senior District Judge Sam A. Crow, who was presiding over this federal habeas matter dismissed this federal habeas matter as moot due to the Kansas Supreme Court reversing the convictions at issue. (Doc. 8, p. 1-2.) Petitioner appealed the dismissal, but in October 2013, the Tenth Circuit denied a certificate of appealability and dismissed his appeal. (Doc. 19.)

Meanwhile, the State of Kansas began a second prosecution of Petitioner on the same charges. *See State v. Reu-El*, 306 Kan. 460, 462 (2017). Ultimately, Petitioner "signed a plea agreement in which he agreed to plead no contest to capital murder and attempted murder and the State agreed to dismiss the remaining charges . . . [and] also agreed it would not pursue the death penalty." *Id.* at 465. The state district court accepted the pleas and found Petitioner guilty of capital

1

murder and attempted murder, then dismissed the remaining charges. *Id.* at 466. After denying a subsequent motion by Petitioner to withdraw his pleas, the state district court sentenced him to "life imprisonment without possibility of parole for 25 years for the capital murder conviction, plus 165 months for attempted murder, to run consecutively." *Id.* at 469. The convictions and sentences occurred in 2015. *See Reu-El v. State*, 2019 WL 4892088, *2 (Kan. Ct. App. Oct. 4, 2019) (unpublished), *rev. denied* Sept. 28, 2020.

More than 10 years passed after the Tenth Circuit dismissed Petitioner's appeal and there was no further activity in this federal habeas case. Then, on April 28, 2025, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 20.) The following day, Petitioner filed an amended motion under Rule 60(b)(6). (Doc. 21.) The Court has reviewed both motions. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

> Rule 60(b) states:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Even liberally construing the motion now before this Court, Petitioner's arguments are not entirely clear. To the extent that Petitioner wishes to challenge his 2005 convictions, the 2013 reversal of those convictions mooted any such challenge, as Judge Crow and the Tenth Circuit explained more than 10 years ago. Nothing in Petitioner's current motions persuasively argues that constitutional claims regarding now-reversed convictions are not moot or that he may obtain relief from his 2005 convictions.

Put another way, relief under 28 U.S.C. § 2254 is available only to "a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Tenth Circuit has explained that the word "judgment" in this statute means "the judgment causing the habeas applicant's confinement." *See Verge v. Williams*, 2024 WL 34394, *1 (10th Cir. Jan. 30, 2024) (citing 28 U.S.C. § 2254(a), (b)(1) and *Magwood v. Patterson*, 561 U.S. 3220, 332 (2010)). When Petitioner filed this federal habeas case in 2012, he was in custody pursuant to the 2005 judgment of the Kansas district court. But that judgment was reversed by the Kansas Supreme Court and Petitioner is no longer in custody pursuant to the 2005 judgment. Thus, this Court cannot grant habeas relief on from the 2005 judgment.

Petitioner's current motions could also be liberally construed to ask for reconsideration of the dismissal order entered in this federal habeas matter and reopen this case so that Petitioner may seek federal habeas relief from the 2015 convictions. Doing so would be unnecessarily procedurally confusing, as it would lead to Petitioner challenging 2015 convictions in a case that was filed years before those convictions occurred. It would also confuse any analysis of whether Petitioner has timely sought federal habeas relief from his 2015 convictions. In summary, the Court

3

finds that Petitioner has not met his burden under Rule 60(b)(6) to identify a "reason that justifies" relieving him from the final order and judgment dismissing this case. *See* Rule 60(b)(6).

Petitioner may, however, initiate a new 28 U.S.C. § 2254 proceeding to seek federal habeas relief from his 2015 convictions by filing a petition on the required forms and either paying the $5.00 filing fee or moving to proceed in forma pauperis. That petition will be assigned a new case number and will be subjected to the initial screening required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will direct the clerk to send to Petitioner the required forms for filing a new petition for federal habeas relief and for moving to proceed in forma pauperis.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court declines to issue a certificate of appealability because its procedural rulings in this matter are not subject to debate among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS THEREFORE ORDERED** that the motions for relief from judgment (Docs. 20 and 21) are **denied**. No certificate of appealability shall issue. This matter shall remain closed. The clerk is directed to send to Petitioner the required forms for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and for moving to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED:   This 30th day of April, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge